UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                       **DECISION AND ORDER**
                                                  07-CR-111S

MAYA KHALIL,

                        Defendant.

      1.      On September 27, 2007, this Court sentenced Defendant to five years probation for conspiring to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 371. (Docket Nos. 24, 27.) As conditions of her probation, Defendant was ordered to reside at a halfway house for three months and be on home detention for an additional three months, both of which she successfully completed.

      2.      On June 25, 2010, a violation petition for offender under supervision was filed, alleging that Defendant violated the terms of her probation by opening credit accounts without notice to the Probation Office and failing to make certain restitution payments. (Docket No. 30.) After a period of negotiation, Defendant appeared before this Court on November 10, 2010, and pled guilty to three counts in the violation petition. (Docket No. 43.) In her plea agreement, Defendant agreed not to appeal a sentence falling within the advisory sentencing range of 4 to 10 months. (Docket No. 41, ¶12.)

3. On November 30, 2010, this Court sentenced Defendant to a four-month term of imprisonment, to be followed by a two-year term of supervised release, and granted voluntary surrender as notified by the United States Marshal Service. (Docket Nos. 45, 48.) Defendant filed an appeal on December 22, 2010, and shortly thereafter, on December 28, 2010, filed the instant Motion for a Stay of Execution of Sentence Pending Appeal, pursuant to 18 U.S.C. § 3143(b). (Docket Nos. 51, 53.) For the following reasons, Defendant's motion is denied.

4. Eighteen U.S.C. § 3143 (b)(1) permits release of an individual who has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal, if the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served, plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1).

5. As to the first prong, the government does not argue that Defendant is a flight risk or danger to the community, and this Court finds that she is neither.

6. As to the second prong, this Court finds that Defendant's appeal is likely a delay tactic, and in any event, fails to raise substantial questions of fact or law. To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than would be necessary to a finding that [the appeal] was not frivolous. It is a close question or one that very well could be decided the other way."

United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).

7. Here, Defendant claims to have received ineffective assistance of counsel and alleges that she did not knowingly and voluntarily enter her guilty plea or waive her right to a hearing on the violation petition. This Court is quite familiar with Defendant and knows first-hand the representation that she received during the plea and sentencing phases of this case. Nothing that occurred at that time, nor anything before this Court now suggests that Defendant received anything other than capable, competent representation. Moreover, there is no evidence before this Court that Defendant's guilty plea was coerced, involuntary, or unknowing. This Court's plea colloquy with Defendant confirmed that her entry of a guilty plea was knowing and voluntary. (Docket No. 60.) Further, Defendant waived her right to appeal any sentence falling within the advisory guideline range, which is what she received, and she explicitly noted in paragraph 2 of her plea agreement that she waived her right to a revocation hearing. (Docket No. 41, ¶12.) Finally, this Court has agreed to stagger the sentence of Defendant's husband, if necessary, so as not to leave their six children without a parent in the house at any one given time. (Docket No. 57.) Accordingly, for these reasons, this Court finds that Defendant has not made the requisite showing under 18 U.S.C. § 3143(b) for release pending appeal. Her request for a stay of sentence is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Stay of Execution of Sentence Pending Appeal (Docket No. 53) is DENIED.

FURTHER, that Defendant shall surrender as directed by the United States Marshals Service, to commence service of her sentence.

SO ORDERED.

Dated: January 19, 2011
      Buffalo, New York

                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                       Chief Judge
                                            United States District Court